IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  13-cv-02446-LTB-KLM

DENNY LOVERN,

            Plaintiff,

v.

INVESTIGATOR BART DORSCHEID, Eighteenth Judicial District Attorney's Office
    Investigator, and
CHIEF INVESTIGATOR KNIGHT, Eighteenth Judicial District Attorney's Office,

            Defendants.

_____

ORDER

_____

        This matter is before me on a Motion to Dismiss filed by Defendants Bart Dorscheid and

Michael Knight, who are being sued in their official capacity as Investigators with the

Eighteenth Judicial District Attorney's Office, by Plaintiff Denny Lovern, pursuant to 42 U.S.C.

§1983. [Doc #9]  Defendants seek to have Plaintiff's single §1983 claim – for false arrest and

malicious prosecution without probable cause, in violation of the Forth Amendment – dismissed

pursuant to Fed. R. Civ. P.  12(b)(6) for failure to state a claim, based on the defense of qualified

immunity.  Oral arguments would not materially assist me in my determination of this motion.

After consideration of the parties' arguments, and for the reasons stated, I GRANT the motion

and, as such, I DISMISS this case.

## I. BACKGROUND

        In his complaint, Plaintiff concedes that he has been charged and convicted of over a

dozen alcohol-related driving offenses over the last thirty years.  With regard to the incident at issue here, Plaintiff alleges that in the late afternoon of October 9, 2008, Shane Donahoe observed a silver Saab, driven by Plaintiff, pull out of a carport and hit the cinderblock wall. Plaintiff then passed out at the wheel, woke up, and hit the carport wall again with his Saab. After passing out again, and again awaking, Plaintiff pulled out into the street and passed out again.  Mr. Donahoe, and several other witnesses, called 911 to report the incident.

Thereafter, an Arapahoe County Sheriff's Deputy took Plaintiff into custody after he hit a wooden fence in an alley at approximately 10 miles per hour.  Plaintiff had a blood alcohol content/concentration (BAC) of approximately .321, which is four times the legal limit to operate a vehicle.  Plaintiff was taken into custody and hospitalized due to his high BAC.  An initial complaint was filed charging him with various traffic misdemeanors, including Driving Under the Influence, in Arapahoe County Case No. 2008T5230.  After Plaintiff failed to appear at his arraignment, a bench warrant was issued and he was arrested on May 2, 2009.

Plaintiff asserts that after he was arrested, Defendant Chief Investigator Knight instructed his subordinate, Defendant Investigator Dorscheid, to "fabricate" felony charges against Plaintiff.  Specifically, he contends that Defendant Dorscheid – who drafted and signed the affidavit supporting probable cause dated July 1, 2009 – perjured himself by stating that he had probable cause for believing that Plaintiff committed the felony crimes of attempted manslaughter and attempted assault in the second degree.  Plaintiff  avers that "there was no probable cause for believing that the Plaintiff committed these felonies because his alleged reckless actions were directed at a fence and a cinderblock [wall], not at an identifiable human being."  He argues that Defendants intentionally or recklessly omitted from the probable cause

2

affidavit the fact that there was no human victim of Plaintiff's reckless conduct when driving

under the influence of alcohol on October 9, 2008.

Plaintiff further asserts that Defendants "conspired with an Arapahoe County Deputy

District Attorney . . . to procure the malicious prosecution of the Plaintiff" by dismissing the

initial complaint, and filing a new Complaint and Information that charged Defendant with the

felonies of:  Criminal Attempt to Commit Manslaughter, in violation of Colorado Revised

Statute §18-3-104(1)(a), and Criminal Attempt to Commit Assault in the Second Degree with a

Deadly Weapon (namely, a motor vehicle), in violation of Colorado Revised Statute §18-3-

203(1)(d), in Arapahoe County Case No. 2009CR1653.  Plaintiff avers that the felony charges

against him were ultimately dismissed on the grounds that he could not be charged with

attempted manslaughter (dismissed by the trial court) and attempted assault (voluntarily

dismissed by the People) when the evidence was that Plaintiff's criminal actions were not

directed at a human victim.

Plaintiff then filed this lawsuit seeking damages for Defendants' unconstitutional acts, in

pursuing the felony charges against him, for false arrest and malicious prosecution as single

claim for relief under 42 U.S.C. §1983.  In his §1983 claim, Plaintiff asserts that Defendants

acted maliciously, knowingly, intentionally, willfully and wantonly by drafting and executing the

affidavit of probable cause which, in turn, caused Plaintiff to ultimately be wrongfully

prosecuted for felony attempted manslaughter and felony attempted second degree assault.

## II. RULE 12(b)(6)/QUALIFIED IMMUNITY STANDARD

In this motion, Defendants seek dismissal of Plaintiff's §1983 claim against them for

failure to state a claim upon which relief can be granted based on the defense of qualified

immunity.  The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)(*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

The Fed. R. Civ. P. 12(b)(6) standard to survive a motion to dismiss requires that a plaintiff's pleadings must "nudge[ ] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court applied this standard to a motion to dismiss based on qualified immunity, and formulated the test as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quotations and citations omitted).  In reviewing a motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Brown v. Montoya,* 662 F.3d 1152, 1162-63 (10th Cir. 2011)(*quoting Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)).

### III.  ANALYSIS

Plaintiff's §1983 claim is premised on his contention that Defendants knowingly acted to

arrest and prosecute him for attempted manslaughter and attempted assault in the second degree, by drafting and executing a probable cause affidavit that failed to reveal there was no identifiable human victim of Plaintiff's criminal acts in driving under the influence of alcohol.  In this motion, Defendants argue that they are protected by qualified immunity in that the decision of Defendant Dorscheid to draft (and Defendant Knight to approve) the probable cause affidavit in support of charging Plaintiff with attempted manslaughter and attempted second degree assault, when there was no direct identifiable human victim of his actions, "was grounded in a reasonable interpretation of applicable precedent."

Title 42 U.S.C. §1983 provides that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  In suits brought against officials in their individual capacities, officials may raise the defense of qualified immunity.  *Kentucky v. Graham*, 473 U.S. 159, 166–67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).  Once a defendant asserts qualified immunity, the plaintiff bears the burden of satisfying a "strict two-part test. " *McBeth v. Himes*, 598 F.3d 708, 716 (10th Cir. 2010) (*quoting Bowling v. Rector*, 584 F.3d 956, 964 (10th Cir. 2009)).  That is "[t]he plaintiff must establish (1) that the defendant violated a constitutional or statutory right, and (2) that this right was clearly established at the time of the defendant's conduct . . . ". *Id.*

Defendants agree that the knowing or reckless falsification or omission of evidence in the pre-arrest and post-arrest stages of prosecution runs afoul of an accused's constitutional rights under the Fourth Amendment.  *See Pierce v. Gilchrist,* 359 F.3d 1279, 1299 (10th Cir. 2004) (*relying on Franks v. Delaware,* 438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)).

Defendants argue, however, that they are entitled to immunity under the second prong of the qualified immunity defense because their conduct, as alleged, was objectively reasonable in light of clearly established law at the time. *Pierce v. Gilchrist, supra,* 359 F.3d at 1297 (*citing Anderson v. Creighton*, 483 U.S. 635, 639-40, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

Colorado law recognizes the crime of attempted reckless manslaughter. *See People v. Thomas*, 729 P.2d 972 (Colo. 1986). The elements of the crime of attempted reckless manslaughter – as defined by Colorado case law – do not specifically require that the conduct be directed at a named potential victim, but rather that the accused commence the acts or conduct "with a conscious disregard of a substantial and unjustifiable risk that the acts or conduct will cause the death of another person." *Id.* at 975; *see also People v. Hennion,* 923 P.2d 256, 258-59 (Colo. App. 1995)(setting forth the elements of the crime of attempted reckless manslaughter); Colo. Rev. Stat. §18-3-104(1)(a)(providing that a person commits the crime of manslaughter if he "recklessly causes the death of another person"); Colo. Rev. Stat. §18-3-203(1)(d)(providing that a person commits the crime of assault in the second degree if he "recklessly causes serious bodily injury to another person by means of a deadly weapon").

At issue then, is what Colorado law required at the time Defendants' drafted and approved the probable cause affidavit in July 2009 to show that a defendant's actions amounted to a disregard of a real risk that his or her acts would cause the death or serious bodily injury to "another person." In *People v. Thomas, supra*, the Colorado Supreme Court reviewed a conviction for attempted manslaughter when the defendant shot at the victim three times – once accidently and twice as warning shots – but did not hurt him. In finding attempted reckless

manslaughter a cognizable crime, the Court determined that the critical inquiry is potential for future danger and, thus, "the awareness of a practical certainty of the prohibited result that is required for knowing conduct cannot be viewed as more dangerous, in any important degree, than the conscious disregard of a substantial and unjustifiable risk that the proscribed result will occur – the hallmark of reckless action." *People v. Thomas, supra*, 729 P.2d at 976.

Thereafter, in 1996, the Colorado Supreme Court in *People v. Deskins*, 927 P.2d 368 (Colo. 1996), upheld the defendant's convictions for reckless child abuse resulting in death when three children died after the defendant hit a car in which they were passengers – while driving under the influence – on the theory that "if a person acts recklessly and if that conduct . . . injures or kills a child or children, criminal liability attaches." *Id.* at 373 (finding that the disregarded risk "was not that children might be in the actual car that [the defendant's] vehicle hit that night. On the contrary, what [the defendant] consciously disregarded when he drove while drunk was the risk that children would be passengers *in any of the cars on the road that night"*)(italics in original).

Four years later, in 2000, in *People v. Hall*, 999 P.2d 207 (Colo. 2000), the Colorado Supreme Court ruled that probable cause existed to bring the charge of reckless manslaughter against a ski racer when he "flew off a knoll" and killed another skier – who was traversing the slope below – by consciously disregarding a substantial and unjustifiable risk that he might collide with another skier resulting in an accident and causing his death. *Id.* at 217.  In so doing, the Court ruled that in a reckless manslaughter case, risk of causing death to another person can be "a risk of death to another generally [as] the actor does not have to risk death to a specific individual." *Id.* at 220 (*citing People v. Deskins*, *supra*,  927 P.2d at 373).

Thereafter, in *People v. Whittaker*, 181 P.3d 264 (Colo. App. 2006), a panel of the Colorado Court of Appeals upheld the defendant's conviction for attempted reckless manslaughter – when he shot a gun into a car containing a number of passengers, causing serious bodily injury to one and wounding another – on the theory that he "consciously disregarded the risk" that the victims/passengers in the car would be killed.  *Id.* at 272; s*ee also People v. Allen*, 78 P.3d 751, 753 (Colo. App. 2001), *overruled on other grounds by Lopez v. People*, 113 P.3d 713, 719 (Colo. 2005)(upholding eighty convictions of attempt to commit manslaughter where the defendant held a gun out the window of a car – but ultimately failed to hit a police officer or vehicle – when he "fired it erratically forty-seven times, frequently to the rear in the general direction of the pursuing officers, but generally up in the air in that direction").

Thus, at the time Defendants drafted the probable cause affidavit in support of the felony charges of attempted reckless manslaughter and attempted second degree assault against Plaintiff, the law in Colorado could be reasonably construed to not require a named or identifiable human victim.  Rather, the legal authority provided only that a defendant "consciously disregarded the risk" that potential victims/passengers in another car or cars would be killed by his actions in order to be charged with attempted reckless manslaughter.  *See People v. Thomas, supra*, 729 P.2d at 974 (ruling that the crime of attempted manslaughter does not require the specific intent to cause the death of another, but rather it requires that a person knowingly engage in risk producing conduct that creates a substantial and unjustifiable risk of causing death); and *People v. Deskins, supra,* 927 P.2d at 373 (finding that the consciously disregarded risk in drunk driving required to support a reckless child abuse resulting in death conviction was only that "children would be passengers in any of the cars on the road that

night"); *People v. Hall, supra,* 999 P.2d at 220.   In so finding, I note that – although irrelevant to

my analysis here – the issue of whether the government must prove the existence of a particular

person/victim in order to convict a drunk driver who was driving under the influence but was not

in an accident involving another person of attempted reckless manslaughter and attempted

second degree assault, is currently pending before the Colorado Court of Appeals in a case

captioned *People v. Isidore Griego*, Case No. 10CA2609.

When viewing the factual claims as asserted by Plaintiff as true, I conclude that

Defendants' act of drafting and approving an affidavit that averred probable cause for the filing

of the felony charges of attempted manslaughter and attempted second degree assault  – under

the circumstances alleged here – was novel, but objectively reasonable in light of the applicable

law at the time.  In so doing, I note that whether Plaintiff's criminal conduct in driving under the

influence amounts to probable cause to support these felony charges under Colorado law– as was

decided by the trial court in the case currently pending before the Colorado Supreme Court in

*People v. Isidore Griego*, *supra* – or does not support the filing of the charges – as was

apparently ultimately determined by the judge in Plaintiff's underlying criminal case here – such

legal question is not before me.  Rather, I am only to assess whether the decision made by

Defendants was reasonable in light of the law at the time.  Based on the forgoing, I conclude that

it was.

Therefore, Plaintiff cannot establish that Defendants' actions violated a constitutional

right that was clearly established and, as such, Defendants are entitled to dismissal of the §1983

claim asserted against them based on a qualified immunity defense.  *Pierce v. Gilchrist*, *supra*,

359 F.3d at 1299 (the defense of qualified immunity protects governmental officials from

liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known).

ACCORDINGLY, I GRANT the Motion to Dismiss [Doc # 9] filed by Defendants Bart Dorscheid and Michael Knight, in their official capacity as Investigators with the Eighteenth Judicial District Attorney's Office, and, as such, I DISMISS WITH PREJUDICE Plaintiff Denny Lovern's 42 U.S.C. §1983 claim against them, pursuant to Fed. R. Civ. P.  12(b)(6) for failure to state a claim, based on the defense of qualified immunity.  I ORDER COSTS AWARDED to Defendants.

Dated: February   7  , 2014, in Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE